```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:11-cr-00238**

**HARRY MARSHALL RAE**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS,
<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on October 18, 2011, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** See Response to Request E below.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(I) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(I)]

**Response:**  See Response to Request E below.

(ii)  The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:**  See Response to Request E below.

(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense.   [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:**  The defendant did not appear before the grand jury.

**Request C:**  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (I) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.   [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:**  Not Applicable.

**Request D:**  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Not applicable.

**Request E:**  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at

2

**trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** The following items are included on CD 1:

1. FBI-302 of Elizabeth Ann Mullally dated September 29, 2011 (RAE-000001 - RAE-000004)

2. FBI-302 of Calvin Vincent Porter dated September 29, 2011 (RAE-000005);

3. FBI-302 of James Rae Mullally dated September 29, 2011 (RAE-000006);

4. FBI-302 Regarding Search Warrant - Prepared by Special Agent Andrew C. Brandt dated September 29, 2011, with attachments (RAE-000007 - RAE-000016);

5. FBI-302 of Dean Miner dated September 22, 2011 (RAE-000017 - RAE-000019);

6. FBI-302 of Carl E. Tomblin, Sr., dated October 3, 2011 (RAE-000020 - RAE-000021);

7. FBI-302 of Freda Mae Tomblin dated October 4, 2011 (RAE-000022);

8. FBI-302 of Chris Stadelman dated September 30, 2011 (RAE-000023 - RAE-000024);

9. FBI-302 of Gary Guccione dated September 30, 2011 (RAE-000025);

10. FBI-302 of Gary Guccione dated September 29, 2011 (RAE-000026);

11. FBI-302 of Gary Guccione dated September 22, 2011 (RAE-000027 - RAE-000028); and

12. E-Mail printed by Hugh J. Mallett regarding Ethics Question (RAE-000029 - RAE-000035).

Also included are CDs 2-4. CD2 contains photos from the search warrant on September 29,2011. CD3 contains recordings dated September 23, 2011. CD4 contains recordings dated September 28, 2011.

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (I) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Not applicable.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** Not applicable at this time.

**Request H:** **Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is unaware of any such evidence aside from what may be included herein.

**Request I:** **Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** At this time, the United States does not intend to offer FRE 404(b) evidence. However, the United States reserves the right to supplement this response at a reasonable time prior to trial.

**Request J:** **Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** Not applicable.

**Request K:** **Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:** The United States will seek judicial notice that Charleston, Kanawha County, West Virginia, is within the Southern District of West Virginia.

**Request L:** **Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the**

trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** Not applicable.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

**REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

        Respectfully submitted,

        R. BOOTH GOODWIN II
        United States Attorney

By:  s/Steven R. Ruby, AUSA
     STEVEN R. RUBY, WV Bar No. 10752
     Assistant United States Attorney
     P. O. Box 1713
     Charleston, WV 25301
     Telephone: (304) 345-2200
     Fax: (304) 347-5104
     E-mail: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS, REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing and by hand-delivery on this 1st day of November, 2011, to:

>   Mary Lou Newberger
>   Federal Public Defender
>   300 Virginia Street, East
>   Room 3400
>   Charleston, West Virginia   25301

>   s/Steven R. Ruby, AUSA
>   STEVEN R. RUBY, WV Bar No. 10752
>   Assistant United States Attorney
>   P. O. Box 1713
>   Charleston, WV   25301
>   Telephone: (304) 345-2200
>   Fax: (304) 347-5104
>   E-mail: steven.ruby@usdoj.gov