

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX-304-347-5104*

FILED
JAN 31 2012

January 19, 2012

Mary Lou Newberger, Esquire
Federal Public Defender
300 Virginia Street, East, Third Floor
Charleston, West Virginia 25301

        Re:  United States v. Harry Marshall Rae
              Criminal No. 2:11-00238 (USDC SDWV)

Dear Ms. Newberger:

    This will confirm our conversations with regard to your client, Harry Marshall Rae (hereinafter "Mr. Rae"). As a result of these conversations, it is agreed by and between the United States and Mr. Rae as follows:

    1.  **PENDING CHARGES.** Mr. Rae is charged in a one-count indictment with a violation of 18 U.S.C. § 875(d) (extortion by interstate communication).

    2.  **RESOLUTION OF CHARGES.** Mr. Rae will plead guilty to the sole count of said indictment.

    3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Rae will be exposed by virtue of this guilty plea is as follows:

    (a)  Imprisonment for a period of two years;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of one year;

*HMR*
Defendant's initials

Mary Lou Newberger, Esquire
January 19, 2012                                    Re: Harry Marshall Rae
Page 2

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Rae has submitted certified financial statements to the United States reflecting that Mr. Rae is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Rae agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Rae agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Rae further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.    **COOPERATION.** Mr. Rae will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Rae may have counsel present except when appearing before a grand jury.

    7.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Rae, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by Mr. Rae pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Rae, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing

<div style="text-align: right;">_/s/ MR_<br>Defendant's initials</div>

Mary Lou Newberger, Esquire
January 19, 2012                                    Re: Harry Marshall Rae
Page 3

Guidelines.

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Rae for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Rae for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Rae stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the Stipulation of Facts, a copy of which is attached hereto as Plea Agreement Exhibit A. The Stipulation of Facts does not necessarily contain all relevant facts or all relevant conduct by Mr. Rae.

    Mr. Rae agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Rae, and he is subsequently tried on the indictment, the United States may use and introduce the Stipulation of Facts in the United States' case-in-chief, in cross-examination of Mr. Rae or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Rae or on his behalf. Mr. Rae knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

    The United States and Mr. Rae understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    10.    **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Rae agree

<div style="text-align: right;">
_/s/ MR_<br>
Defendant's initials
</div>

Mary Lou Newberger, Esquire
January 19, 2012                                    Re: Harry Marshall Rae
Page 4

that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG § 2B3.3</u>

| | |
|---|---|
| Base offense level | 9 |
| Demand greater than $30,000 | + 6 |

<u>USSG Chapter Three Adjustments</u>

| | |
|---|---|
| Official victim | + 3 |
| Adjusted Offense Level | 18 |

The United States and Mr. Rae acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **MITIGATING FACTORS AND NON-OPPOSITION TO MOTION FOR DOWNWARD DEPARTURE OR VARIANCE.** The United States and Mr. Rae agree that Mr. Rae possesses significant mitigating offender characteristics. These include his age and his overall physical and mental infirmity. Among other things, Mr. Rae has been diagnosed with post-traumatic stress disorder resulting from his military service in the United States Navy in the Vietnam War. As a result of that disorder, Mr. Rae must receive regular in-person treatment that, according to the Federal Bureau of Prisons (BOP), is not available in a BOP facility. The United States and Mr. Rae further agree that because of Mr. Rae's age and infirmity, home detention would be equally efficient as and less costly than incarceration. <u>See</u> USSG §§ 5H1.1, 5H1.4. In light of these considerations, the United States agrees not to oppose a motion by Mr. Rae to depart or vary downward from the advisory sentencing guidelines range to a sentence of one year of home confinement.

_____
Defendant's initials

Mary Lou Newberger, Esquire
January 19, 2012                                          Re: Harry Marshall Rae
Page 5

    12.  **AGREEMENT REGARDING CERTAIN VISUAL AND AUDIO MATERIAL.** Mr. Rae agrees not to possess, control, or in any way direct the disposition of any video recordings, audio recordings, or photographs of greyhound breeding or training activities during any term of imprisonment, home confinement, or supervised release imposed by the District Court.

    13.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Rae knowingly and voluntarily waives the right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 18. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 15.

    Mr. Rae also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    14.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Rae knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

                                                                     _/s/ MR_
                                                                   Defendant's
                                                                   initials

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises that Mr. Rae will receive a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Rae;

(f) Advise the Court concerning the nature and extent of Mr. Rae's cooperation; and

(g) Address the Court regarding the issue of Mr. Rae's acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or Mr. Rae violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

MC

Defendant's initials

Mary Lou Newberger, Esquire  
January 19, 2012                                              Re: Harry Marshall Rae  
Page 7

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Rae in this matter. There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Rae in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

R. BOOTH GOODWIN II  
United States Attorney

By: _____  
STEVEN R. RUBY  
Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      1-19-12  
HARRY MARSHALL RAE                   Date Signed  
Defendant

_____      25 Jan 2012  
MARY LOU NEWBERGER                   Date Signed  
Counsel for Defendant

_____  
Defendant's initials

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                       **CRIMINAL NO. 2:11-00238**

**HARRY MARSHALL RAE**

**STIPULATION OF FACTS**

The United States and Harry Marshall Rae stipulate and agree that the facts comprising the offense of conviction for the single count contained in Criminal Indictment Number 2:11-00238 include the following:

On or around September 18, 2011, Mr. Rae knowingly and intentionally transmitted in interstate commerce a communication containing a threat to injure the reputation of the then-acting Governor of West Virginia (the "Governor") by releasing video recordings of embarrassing practices in the greyhound racing industry. Mr. Rae knew that the Governor's family was involved in the greyhound racing industry, and Mr. Rae threatened to release the video recordings to the Governor's opponent in a gubernatorial election that was impending at the time of the threat. Mr. Rae also threatened to release the video recordings to media outlets in order to injure the Governor's reputation before the then-impending election.

Mr. Rae's communication directed the Governor to contact an individual named Dean Miner "or . . . you[r] election[']s down the tubes." Mr. Miner is another person involved with the greyhound racing industry. Mr. Rae had contacted Mr. Miner demanding that Mr. Miner collect $50,000 from various individuals, including the Governor and his family, in order to avoid the release of the video recordings. Mr. Rae transmitted the threatening communication to the Governor with the intent to extort $50,000 from the Governor, the Governor's family, and other targets of the extortion scheme.

Mr. Rae's communication was addressed to the Governor and was sent from a location in or around Angels Camp, California, using an Internet web site maintained for the purpose of communicating with the Governor of West Virginia. The communication traveled in

**PLEA AGREEMENT EXHIBIT A**

interstate commerce to a computer server in or around Charleston, Kanawha County, West Virginia, in the Southern District of West Virginia.

Stipulated and agreed to:

_____       1-19-12
HARRY MARSHALL RAE                 Date
Defendant

_____       23 Jan 2012
MARY LOU NEWBERGER               Date
Counsel for Defendant

_____       1/25/12
STEVEN R. RUBY                    Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**